**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DARY B. BLAKELY ) | CASE NO. CV 05-05634(SS) |
| ) | |
| Plaintiff, ) | MEMORANDUM DECISION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The parties have consented, pursuant to 28 U.S.C. section 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's decision denying benefits. As discussed below, the Court finds that summary judgment should be GRANTED in favor of Plaintiff, REVERSING the Commissioner's decision and remanding for further action consistent with this decision.

\\\

\\\

**THE APPEALS COUNCIL AND THE ALJ FAILED TO PROVIDE SPECIFIC AND LEGITIMATE REASONS FOR REJECTING THE TREATING PHYSICIANS' OPINIONS**

Among Plaintiff's contentions are that the ALJ improperly rejected the opinion of her treating physicians. (Jt. Stip. at 4). The Court agrees in this respect. Because remand is required on this basis alone, it is not necessary for the Court to address Plaintiff's remaining arguments.

Even if contradicted, a treating doctor's opinion may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (citing Reddick, 157 F.3d at 725); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)). The opinions at issue here is that of Drs. Mark Greenspan and Steven Brourman.

As reasons for rejecting Dr. Greenspan's opinion, the ALJ relied primarily on two grounds. First, that Dr. Greenspan "based his conclusions on the claimant's self-reported allegations." (AR at 22). Second, that Dr. Greenspan's referral for surgical intervention was denied by an insurance company. (Id.). Neither reason is legitimate.

A review of Dr. Greenspan's evaluation of Plaintiff reveals that his opinion relied on a great deal more than her self-reported allegations. Dr. Greenspan performed examinations of Plaintiff himself, conducted objective tests such as a CT Scan (AR 289), and had an EMG

conducted of Plaintiff's upper extremities. (AR 293). As such, the ALJ's proffered reason is not legitimate.

In addition, the fact that an insurance company refuses payment for surgery cannot be considered a legitimate reason to reject a treating physician's opinion. Insurance companies may reject treatment for a multitude of reasons and are not considered medical experts. As such, their rejection of Dr. Greenspan's surgery referral is not a legitimate reason to reject his opinion. On remand, the ALJ must provide reasons supported by the record if he intends to reject Dr. Greenspan's opinion.

Plaintiff also complains that the ALJ and the Appeals Council failed to provide specific and legitimate reasons for rejecting Dr. Brourman's opinion. (Jt. Stip. at 7). The Ninth Circuit has required the ALJ and Appeals Council to provide such reasons when rejecting new evidence of a treating doctor's opinion. See Ramirez v. Shalala, 8 F.3d 1449, 1453 (9th Cir. 1996)(ALJ and Appeals Council must provide specific and legitimate reasons for rejecting treating doctor's opinion). Here, because the November 2004 evidence was only submitted to the Appeals Council, neither the ALJ nor the Appeals Council provided such reasons. As such, remand is appropriate.

Finally, the Court agrees that the ALJ must consider terms of art utilized in workers compensation proceedings and make an assessment of how those terms translate for purposes of evaluating a claim for Social

Security benefits.  <u>Desrosiers v. Secretary of Health and Human Services</u>, 846 F.2d 573, 576 (9th Cir. 1988).  On remand, the ALJ must correct this error.

Accordingly, **IT IS HEREBY ORDERED** that: (1) Plaintiff's motion for summary judgment is **GRANTED**; (2) Defendant's cross-motion for summary judgment is **DENIED**; (3) the decision of the Commissioner is **REVERSED**; and (4) this action is **REMANDED** to defendant for proceedings consistent with this decision.

DATED:   September <u>22</u>, 2006

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE